IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALVIN EARL MURPHY,                     §
                                       §
          *Petitioner*,                §
                                       §
v.                                     §          CIVIL ACTION No. H-14-2596
                                       §
WILLIAM STEPHENS,                      §
                                       §
          *Respondent*.                §

## MEMORANDUM OPINION AND ORDER

State inmate Alvin Earl Murphy filed a *pro se* section 2254 habeas petition challenging his conviction and sentence for sexual assault. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 15), to which petitioner filed a response (Docket Entry No. 16).

Based on consideration of the motion, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

## I.  PROCEDURAL BACKGROUND

Petitioner was convicted of sexual assault and sentenced to sixty-one years' imprisonment on May 31, 2007. The conviction was affirmed on appeal on June 5, 2008. The intermediate court of appeals granted petitioner's motion for rehearing, but ultimately again affirmed the conviction on October 22, 2009. The Texas Court of Criminal Appeals

refused discretionary review on March 17, 2010. Petitioner signed an application for state habeas relief on October 18, 2013, and it was file-stamped as received on October 24, 2013.[1] The Texas Court of Criminal Appeals denied habeas relief on December 18, 2013.

Petitioner filed the instant federal petition on December 31, 2013, claiming that the trial court erroneously allowed his DNA into evidence, and that there were infirmities in his state habeas proceedings. Respondent argues that petitioner's claims should be dismissed as barred by limitations.

## II. STATUTE OF LIMITATIONS

Respondent contends that petitioner's claims regarding the use of his DNA and the testing results at trial are barred by the AEDPA one-year limitation.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]The application did not indicate the date petitioner submitted the pleading to prison authorities for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013).

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

Petitioner was convicted and sentenced on May 31, 2007. The conviction was affirmed on appeal on June 5, 2008. Although the intermediate court of appeals granted rehearing, it ultimately again affirmed the conviction on October 22, 2009. The Texas Court of Criminal Appeals refused discretionary review on March 17, 2010. Accordingly, petitioner's conviction became final for purposes of the AEDPA limitation ninety days later on June 17, 2010, and limitations expired one year later, on June 17, 2011. *See* SUP. CT. R. 13.1. The instant federal petition was filed in the Eastern District of Texas in December 2013 and transferred to this Court in September 2014.

Petitioner did not file his application for state habeas relief until October 2013. The application was denied by the Texas Court of Criminal Appeals on December 18, 2013.

Petitioner's state habeas application did not toll limitations because it was filed after limitations had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas application filed after federal limitations period expired does not toll AEDPA limitations period).

Consequently, the instant petition is barred by limitations, subject to any applicable grounds for equitable tolling. Petitioner's reliance on *McQuiggin v. Perkins*, 569 U.S. ____, 133 S. Ct. 1924 (2013), is misplaced. Petitioner has not shown that the actual innocence exception should apply in his case as he has not presented new evidence that he is actually innocent of the offense of conviction or shown that, in light of this new evidence, no juror acting reasonably would have found him guilty of the offense of conviction beyond a reasonable doubt. *See Perkins*, 133 S. Ct. at 1928.

Respondent is entitled to summary judgment dismissal of plaintiff's federal habeas claims as barred by the AEDPA one-year limitation.

### III. STATE HABEAS INFIRMITIES

Petitioner additionally complains that his state habeas proceedings denied him due process and are invalid, in that the state trial court entered findings of fact and conclusions of law denying habeas relief, yet recommended that habeas relief be granted.

The record shows that the state trial court made findings of fact and conclusions of law denying petitioner's habeas claims, and that it recommended habeas relief be denied. *Ex parte Murphy*, pp. 26–27. However, in the very last sentence of the order, the state trial

4

court stated that, "Accordingly, it is recommended to the Texas Court of Criminal Appeals that the requested habeas relief be granted." *Id.*, p. 27. Petitioner argues that this inconsistency in the state trial court's recommended relief denied him due process and requires that the state habeas proceedings be set aside.

It is clear to this Court that the state trial court's use of the word "granted" in the one instance, as contrasted to its otherwise unambiguous denial of petitioner's claims throughout the remainder of the order, was an unintended error. Moreover, the Court looks to the most recent state court determination and disposition, which is the order denying relief as entered by the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals denied habeas relief, expressly relying on the trial court's findings of fact and conclusions of law. *Id.*, at cover. Even had the state trial court recommended that habeas relief be granted, the Texas Court of Criminal Appeals was free to disagree with that recommendation and deny habeas relief in reliance on the trial court's findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3.

Regardless, petitioner's assertions fail to state a cognizable federal habeas claim. It is "axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Ladd v. Stephens*, 748 F.3d 637, 644 (5th Cir. 2014); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (per curiam).

Petitioner's claims regarding his state habeas proceedings are dismissed for failure to state a cognizable federal habeas claim.

## IV.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 15) is **GRANTED**

and this case is **DISMISSED WITH PREJUDICE**.   A certificate of appealability is

**DENIED**.  Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the _3rd_ day of February, 2015.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6